TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, Respondent, v. Joel RATHBONE, Appellant, impleaded with Charles Pfizer, Jr., Defendant. (Supreme Court, Appellate Division, First Department. January 28, 1916.) Appeal from Special Term, New York County. The following is the opinion of Shearn, J., at Special Term:

This is an action for rent on a lease under seal. By this lease the tenant covenanted and agreed, in addition to a money rental, that he would, as a part of the rent reserved by this instrument, at his own proper cost and expense, bear, pay and discharge all duties, charges, taxes, assessments and payments of every kind whatsoever, extraordinary as well as ordinary, as should during the term for which the premises were leased be imposed or grow due and payable, out of or for or by reason of the said demised premises or any part thereof. The lease also contained a provision that the tenant could not assign the same without the consent of the landlord. On or about the 9th day of April, 1912, by an instrument under seal, the plaintiff consented that the lessee sell, assign, transfer and set over to the defendant Rathbone the said lease, and the defendant Rathbone, in consideration of such consent and as an inducement therefor, as well as for the sum of one dollar and other good and valuable consideration to him in hand paid, did covenant and agree to and become responsible for the prompt and full performance of every covenant and condition in the lease inuring to the benefit of the plaintiff, according to the terms thereof, and Rathbone executed and acknowledged said instrument under his seal. The complaint demands judgment for money rental, all of which has accrued subsequent to April 9, 1912, and for taxes and water rates, all of which have accrued subsequent to April 9, 1912, and for a transfer of tax lien amounting to $6,604.19, with interest at 12 per cent. per annum, which plaintiff claims became a lien against the premises as such on November 13, 1912, and is made up of taxes which became liens in 1907 to 1912 inclusive; the taxes for 1912 becoming a lien subsequent to April 9, 1912. The answer of the defendant Rathbone admits all of the allegations in the complaint and sets up as a defense that, shortly prior to the agreement on which he is sued, the lessee applied to the National Surety Company, of which he was the vice president, for a bond on behalf of a corporation to secure a bank against loss upon a certain promissory note; that the National Surety Company executed such bond, and that as an indemnity and as collateral security against any loss which it might sustain by reason of said bond, this lease was assigned to the defendant Rathbone and received by the National Surety Company; that the defendant Rathbone had no personal interest in the trans-

action and acted solely on behalf of and in the interest of the National Surety Company; that after the liability of the National Surety Company upon the bond had ceased and on or about February 13, 1913, the defendant Rathbone reassigned the lease to the original lessee, Pfizer; that neither the defendant Rathbone nor the National Surety Company entered into possession of the leased premises; and that at the time of the execution of the assignment agreement the plaintiff knew that the lease was being transferred to the defendant Rathbone by the original lessee as collateral security and as an indemnity and for no other purpose. The learned counsel for the defendant asserts that "the assignee of a lease, the assignment being absolute in form, who in fact has taken it as collateral security, is only a mortgagee, and a mortgagee who has never taken possession is not liable for rent"; also that it may be shown by parol "that the transaction in which he signed the covenant sued upon was one by way of collateral or mortgage." Both points may be granted, but they have no application as between this plaintiff and this defendant. This is not an action on an assignment of a lease, but it is an action, on an instrument under seal whereby the defendant Rathbone became "responsible for the prompt and full performance of every covenant and condition in said lease inuring to the benefit of the" plaintiff according to the terms of the lease. It is not an attempt to hold the defendant Rathbone responsible because of the mere fact that the defendant Pfizer assigned the lease to him. Even if the assignment of the lease from Pfizer to Rathbone was in effect a mortgage, the defendant Rathbone would still be responsible to the plaintiff upon his covenants with the plaintiff. It matters not why the lease was assigned. Rathbone wanted the assignment and requested the plaintiff to consent to it, and in order to procure such consent Rathbone executed the instrument under seal, which is sued upon. The agreement is Rathbone's personal agreement and no one else could be made liable under it. It is a firmly established common-law principle that action can be brought upon a sealed contract only against those whose names appear therein. It is further contended by the defendant Rathbone that he cannot be held for taxes which the tenant had failed to pay and which were liens on the leased premises before the execution of the agreement by Rathbone. The taxes for the consecutive years from 1907 to 1912 were sold by the city in November, 1913, under the law governing transfers of tax liens, and plaintiff alleges that by reason of the sale a lien was created, and that when the transfer was assigned by the city that assignment became a matter of record and consequently a lien on the property. Whether this conclusion of law is correct or not it is not necessary to decide on this application, for defendant's covenant was broad and inclusive and covered past as well as future defaults, for by it plaintiff assumed and became "responsible for the prompt and full performance of *every* covenant and condition in said lease." There is here no limitation to future defaults. "Every" default is covered. The language is plain and unambiguous. The argument that the rejection of defendant's contention will render it a very dangerous thing for any one

take an assignment of a lease when at the me of the assignment there are taxes due and npaid on the property cannot affect the legal roposition involved. Furthermore, the amount f taxes in arrears was a matter of public rec-rd when Rathbone assumed responsibility for heir payment, and the slightest inquiry would ave disclosed the true state of facts. Finally ; is contended that even if Rathbone is re-ponsible for the taxes he cannot be held for he penalties that accrued on the taxes which vere liens on the premises when he assumed he obligations of the lease or for penalties vhich thereafter accrued, because the damages vhich a lessor may recover for breach of an ssignee's covenant to pay taxes is the amount f the taxes, with interest. But we are dealing vith an express covenant to pay, which cove-nant includes the discharge of all "duties, charg-es, taxes, assessments and payments *of every kind whatsoever, extraordinary as well as ordi-nary,* as shall during the term hereby granted be imposed on or grow due and payable out of, or for, or by reason of the said demised prem-ises * * * by virtue or by reason of any present or future law, ordinance or authority whatsoever." It is the duty of the court to sus-tain, give full effect to and enforce written con-tracts, and in the absence of any showing of mistake, fraud or duress, a party to a sealed in-strument who is of full age and competent should be held strictly to the plain terms of his covenant. without indulging in any speculation as to what might have been intended but was not expressed, or to subsequent developments that made the covenant one that the party re-gretted. Plaintiff's motion for judgment on the pleadings granted, with $10 costs.

PER CURIAM. The orders reviewed upon this appeal are affirmed. The judgment should be modified by reducing the amount to the lia-bility accruing after the assignment, and, as so modified, affirmed without costs. Settle order on notice.

CLARKE, P. J., and McLAUGHLIN, J., dis-senting, and voting to affirm on the opinion of Shearn, J., at Special Term.